IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORKESHIA DENISE CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, et al.,<br><br>    Defendants. | **Civil Action No. 18-1625-RGA**<br>Justice of the Peace Court of the State<br>of Delaware in and for New Castle County<br>Case No. JP13-18-008249 |

Georkeshia Denise Campbell, Lancaster, California; Pro Se Plaintiff.

Joelle Eileen Polesky, Esquire, Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware, Counsel for Defendant Navient Corporation.

David C. Weiss, United States Attorney, and Jesse S. Wenger, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendant United States Department of Education.

**MEMORANDUM OPINION**

August 13, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Georkeshia Denise Campbell, who appears *pro se*, filed this action on July 16, 2018, in the Justice of the Peace Court of the State of Delaware in and for New Castle County. Defendant United States Department of Education removed the matter to this Court on October 19, 2018. (D.I. 1). Plaintiff filed an Amended Complaint on December 17, 2018. (D.I. 11). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending are Defendants' motions to dismiss the Amended Complaint and Plaintiff's oppositions. (D.I. 17, 20). The matters have been fully briefed. For the reasons discussed below, the Court will grant Defendants' motions.

## BACKGROUND

I accept what the amended complaint states as true for the purposes of Defendants' motions. Plaintiff obtained student loans when she attended the University of Phoenix and Antelope Valley College. (D.I. 11 at 3 ("Introduction" at ¶ 2)). Between May and June 2009, the loans were paid in full by her former spouse, who made the payment at the Department of Education in Washington, D.C. (*Id.* at ¶ 3). Shortly thereafter, Joseph Campbell, a relative and FBI employee, visited the Department of Education and requested a refund of the payment. (*Id.*).

The student loan servicer sent an e-mail confirming that the loan had been paid in full, but, in January 2010, the University of Phoenix advised Plaintiff there was a $586.87 balance on her account. (*Id.* at ¶ 4). Plaintiff paid the amount by check via express mail to the Department of Education. (*Id.*). Student loan servicer Sallie Mae provided another email confirmation that the student loan had been paid in full and that

1

a refund was due because excessive interest was charged to the account. (*Id.* at ¶ 5). "Next, the student loan servicers sent an invoice stating that the account was under paid and was due a payment of $586.57, to be paid in full." (*Id.* at ¶ 6).

Eight years went by. In 2018, Plaintiff was notified the federal government had "confiscated [her] tax refund to pay of[f] an outstanding student loan debt due, the phone survey stat[ing] the amount owed was in the amount of $103,115.86." (*Id.*). Plaintiff "requested an explanation of the amount as stated to be owed," but "no response was given by the servicer Navient or the United States Department of Education." (*Id.*).

Plaintiff's legal theories are not entirely clear. One page (which I will call "Count One") refers to "civil rights," Title VII, 42 U.S.C. §§ 1981(3)(b), 1982, 1983, and 1985. (*Id.* at 5 "Causes of Actions"). The next page (which I will call "Count Two"} refers to 42 U.S.C. § 1981(a) and (b), 42 U.S.C. § 1997 and 18 U.S.C. § 1332 as well as the Fifth and Fourteenth Amendments to the United States Constitution. Both Counts allege that: (1) Plaintiff has been denied equal protection and "accesses to rights as promised within the contractual agreement;" (2) Plaintiff was "denied rights to receive statements of the paid account;" and (3) Defendants "knew [that] the failure to supervise employees would result in fraudulent transactions." (*Id.* at pp.4-5). Plaintiff seeks compensatory damages and injunctive relief.

The Department of Education moves for dismissal for lack of jurisdiction and, in the alternative, for failure to state a claim upon which relief may be granted. (D.I. 17).

Navient Corporation moves to dismiss for failure to state any claim upon which relief may be granted. (D.I. 20).

## LEGAL STANDARDS

**Rule 12(b)(1)**. Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**Rule 12(b)(6)**. In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true

and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Sovereign Immunity**. The Department of Education moves to dismiss the claims against it for lack of subject matter jurisdiction based upon its sovereign immunity. Plaintiff's opposition does not address the issue.

4

It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Finally, "[c]onsent to suit 'must be unequivocally expressed' in statutory text, and cannot simply be implied." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010)); *see also United States v. King*, 395 U.S. 1, 4 (1969).

Plaintiff has failed to assert any basis why this Court should waive the Department of Education's sovereign immunity under 20 U.S.C. § 3411. "Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff did not address the Department of Education's sovereign immunity or allege any such waiver. Because there are no facts alleged that provide this Court with jurisdiction or to assert a basis for the Department of Education's waiver of sovereign immunity, under Rule 12(b)(1) it is appropriate to grant the Department of Education's motion to dismiss for lack of subject matter jurisdiction. The Court therefore sees no need to discuss the Department of Education's alternative motion to dismiss under Rule 12(b)(6).

**Claims against Navient**. Plaintiff invokes a number of statutes in seeking to raise claims against Navient. Her opposition to Navient's motion to dismiss does not address any of the grounds for relief raised by Navient. Instead, she simply reiterates the allegations in her Amended Complaint. Navient Corp. is the corporate parent of

Navient Solutions, LLC. The Court takes judicial notice that Navient Solutions, LLC is a student loan servicer and the successor to Sallie Mae, Inc. following a corporate restructuring in 2014. *See Levy-Tatum v. Navient & Sallie Mae Bank*, 2016 WL 75231, at \*6 (E.D. Pa. Jan. 7, 2016) (explaining the corporate transactions that led to the newly created Navient Corp. and the transfer of the servicing of student loans handled by Sallie Mae, Inc. into Navient Solutions). The Court will address in turn each of Navient's grounds for dismissal.

**Title VII**. The Amended Complaint invokes Title VII. Title VII prohibits employment discrimination against a person on the basis of race, color, national origin, sex or religion. *See* 42 U.S.C. § 2000e-2(a). To state a claim for discrimination under Title VII, a plaintiff must prove that (1) he or she is an employee in a protected class; (2) the employee was qualified for a position; (3) the employee was rejected for the position despite her qualifications; and (4) an employee outside of the protected class was selected for the position or the employer continued to seek applicants. *See Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344, 353 (3d Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

The Amended Complaint does not involve employment. It therefore fails to plead any of the elements of a Title VII claim against Navient Corp. The Title VII claim simply is not cognizable based upon the facts as pled. Therefore, Navient's motion to dismiss the Title VII claims will be granted.

**42 U.S.C. § 1981**. The Amended Complaint refers to 42 U.S.C. § 1981. Section § 1981 forbids discrimination on the basis of race in the making of public and private

contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). To state a § 1981 claim, a plaintiff must show that (1) he or she is a member of a protected class; (2) the defendant intentionally and purposely discriminated on the basis of race; and (3) the defendant interfered with a protected activity as defined in the statute. *See Anderson v. Wachovia Mortg. Corp.*, 609 F. Supp. 2d 360, 369-70 (D. Del. 2009) (citing *Visconti v. Veneman*, 2005 WL 2290295, at *4 (D.N.J. Sept. 20, 2005)); *see also Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001).

The Amended Complaint gives no hint of anything relating to discrimination on the basis of race. It therefore fails to allege any elements of a § 1981 claim, much less facts to support a claim under § 1981. Therefore, Navient's motion to dismiss the § 1981 claims will be granted.

**42 U.S.C. § 1982**. The Amended Complaint purports to assert a violation of 42 U.S.C. § 1982. To state a claim under § 1982, Plaintiff must allege that she (1) is a member of a racial minority; (2) applied for and was qualified to rent or purchase certain property or housing; (3) was rejected because of her race; and (4) the opportunity to purchase or rent remained open. *See Shipley v. New Castle Cty.*, 597 F. Supp. 2d 443, 448 (D. Del. 2009).

The Amended Complaint does not allege anything about housing. It therefore fails to allege any elements of a § 1982 claim and no facts to support a claim under § 1982. Therefore, Navient's motion to dismiss the § 1982 claims will be granted.

**42 U.S.C. § 1983**. The Amended Complaint references 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The § 1983 claim fails as a matter of law given that there are no allegations that Navient acted under the color of state law. Therefore, Navient's motion to dismiss the § 1983 claims will be granted.

**42 U.S.C. § 1985**. The Amended Complaint attempts to raise a conspiracy claim under § 1985. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001); *see also Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).

The Amended Complaint fails to allege any elements of a § 1985 claim or facts to support a claim under § 1985. For example, the Amended Complaint does not describe how Defendants allegedly conspired with each other or other unnamed parties to deprive Plaintiff or that a conspiracy took place that was motivated by any racial or class-based discrimination toward Plaintiff. Therefore, Navient's motion to dismiss the § 1985 claims will be granted.

**42 U.S.C. § 1997**. The Amended Complaint invokes 42 U.S.C. § 1997. To the extent Plaintiff raises a claim under § 1997, the claim fails as a matter of law. Section

8

1997 sets forth the definitions under the Civil Rights of Institutionalized Persons Act. The Act does not provide a private cause of action. *See Ross v. Aramark Corp.*, 2019 WL 1172383 (S.D.N.Y. Mar. 13, 2019). *See also Pope v. Bernard*, 2011 WL 478055, at *1 (1st Cir. Feb. 10, 2011); *Price v. Brittain*, 874 F.2d 252, 262 (5th Cir. 1989); *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986). Accordingly, the Court will grant Navient's motion to dismiss the § 1997 claims.

**18 U.S.C. § 1332**. The Amended Complaint refers to 18 U.S.C. § 1332. Title 18 is the federal criminal code and this is a civil case. The federal criminal code does not contain a § 1332.

It seems likely that Plaintiff intended to refer to 28 U.S.C. § 1332. "Section 1332 is a jurisdictional statute providing the federal district courts with jurisdiction over diversity cases. It does not provide a private right of action." *Xu v. Neubauer*, 166 F. Supp. 3d 203, 210 (D. Conn. 2015). Therefore, Navient's motion to dismiss will be granted despite the citation to § 1332.

**Fifth, Eighth, and Fourteenth Amendments to the United States Constitution**. The Amended Complaint alleges violations of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. None of the claims are cognizable and each fail as a matter of law.

As to the Fifth Amendment claim, there are no allegations that Navient is a federal actor or that Navient garnished Plaintiff's tax refund. The Fifth Amendment only protects against conduct by the federal government and does not protect against conduct by private parties such as Navient. *See Nguyen v. U.S. Catholic Conference*,

719 F.2d 52, 54 (3d Cir. 1983) (citing *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)).

As to the Fourteenth Amendment claim, there are no allegations that Navient is a state actor and no facts explaining how Plaintiff was denied of the right to due process or equal protection. Only a State or a private person whose action "may be fairly treated as that of the State itself," *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974), may be found to have deprived a person of "an interest encompassed within the Fourteenth Amendment's protection," *Fuentes v. Shevin*, 407 U.S. 67, 84 (1972).

Finally, the Eighth Amendment is applicable "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *See Ingraham v. Wright*, 430 U.S. 651, 671-72 (1977). As discussed above, there are no allegations that Navient is a state actor. Nor are there any facts that even suggest the involvement of a criminal prosecution. Accordingly, the Court will grant Navient's motion to dismiss all claims raised under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Amendment**. The Amended Complaint fails to state any cognizable claims and are "patently meritless and beyond all hope of redemption." *O'Dell v. United States Gov't*, 256 F. App'x 444, 445 (3d Cir. 2007). Based upon the Court's experience, it is pretty clear that Plaintiff cannot prevail on anything like the claims that Plaintiff has asserted so far. Thus, it is likely that any amendment to the complaint would be futile. Nevertheless, the Court of Appeals generally prefers to give parties a second chance to

state a claim. Here, Plaintiff has alleged some facts, and she has attached some papers showing recent collection efforts by one or more debt collectors. It is not impossible that Plaintiff could allege some set of facts that would present a cognizable claim. Therefore, the Amended Complaint will be dismissed but with leave to amend.

## CONCLUSION

Based upon the above discussion, the Court will: (1) grant Defendants' motions to dismiss the Amended Complaint. (D.I. 17, 20). The Court does not find amendment futile.

An appropriate order will be entered.